**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOYCE M. JONES,<br><br>           Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>           Defendants. | Case No. 2:15–cv–1716–APG–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (#1)<br>COMPLAINT (#1-1) |

This matter involves *pro se* Plaintiff Joyce M. Jones' breach-of-contract action against the Clark County School District. Before the court is Jones' Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1). For the reasons stated below, Jones' Application to Proceed *in Forma Pauperis* (#1) is granted and her Complaint (#1-1) should be dismissed.

**I.**  ***In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Jones' Application to Proceed *In Forma Pauperis* states that her gross income is $1,648.00 per month, which exceeds her expenses of $1,789.00 per month. Accordingly, his Application to Proceed *In Forma Pauperis* is granted.

### II.     Jones' Complaint Should be Dismissed

Federal Rule of Civil Procedure 12(h)(3) governs subject-matter jurisdiction. It states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." After reviewing Jones' complaint, the court has determined that her complaint should be dismissed because the court lacks subject-matter jurisdiction.

"Federal courts 'have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Here, Jones' complaint predicates jurisdiction on two federal statutes: 28 U.S.C §§ 1345, 1348. In pertinent part, these statutes state:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

These statutes are not applicable here. Jones' complaint alleges that the Clark County School District breached a contract with her, causing her approximately $200,000 in damages. However, the Clark County School District is neither an "agency or officer" of the United States nor a "national banking association." Accordingly, 28 U.S.C §§ 1345, 1348 do not confer jurisdiction over this action.

The court also finds that it lacks jurisdiction under 28 U.S.C § 1332, which governs diversity jurisdiction, because Jones' complaint alleges that she, the School District, and the Superintendent are all residents of Nevada. Section 1332 requires complete diversity of citizenship among the parties. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Complete diversity does not exist here.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE